**Ferdinand OLIVEIRA,
Plaintiff-Appellant,**

v.

**UNITED STATES of America,
Defendant-Appellee.**

No. 83–5237.

United States Court of Appeals,
Eleventh Circuit.

June 18, 1984.

Kathleen Phillips, Joel V. Lumer, Miami, Fla., for plaintiff-appellant.

Stanley Marcus, U.S. Atty., Maria P. Sperando, Linda Collins Hertz, Asst. U.S. Attys., Miami, Fla., Ltc. David Buck, HQ USAP/JACL, Washington, D.C., for defendant-appellee.

* Honorable Howard T. Markey, Chief Judge, U.S. Court of Appeals for the Federal Circuit, sitting

Before FAY and ANDERSON, Circuit Judges, and MARKEY *, Chief Judge of the Federal Circuit.

PER CURIAM:

Ferdinand Oliveira (Oliveira) appeals from a judgment of the District Court affirming his removal from government service, and from orders denying his motions to amend the complaint, to compel production of documents, and for a trial *de novo*. We hold that this court lacks jurisdiction under 28 U.S.C. § 1295(a)(2) and transfer the appeal to the United States Court of Appeals for the Federal Circuit under 28 U.S.C. § 1631.

*Background*

Oliveira was removed from government service because of insubordination and in light of two previous disciplinary actions for the same offense.

A hearing was held on September 27 and 28, 1978 by the Federal Employee Appeal Authority (F.E.A.A.) to examine Oliveira's appeal for reinstatement and allegation of discrimination.

On November 27, 1978, the F.E.A.A. affirmed Oliveira's removal. It found the charge of insubordination supported by a preponderance of the evidence and that consideration of the two previous disciplinary actions was proper as additional support for the removal.

The F.E.A.A. found no evidence supporting a claim of discrimination based on national origin. The F.E.A.A. also found Oliveira was not discriminated against because of his friendship with black employees or his alleged "outspoken opposition to discrimination", and that that friendship did not afford him standing to assert a claim of racial discrimination. It concluded

by designation.

that the removal was proper and would promote efficiency of the service.

On July 19, 1979, the Office of Appeals Review of the Merit Systems Protection Board (formerly the F.E.A.A.) (Board) denied Oliveira's petition for reconsideration, at which point his administrative remedies were exhausted.

### District Court Proceedings

Oliveira filed his original complaint in the district court on February 20, 1980 alleging discrimination, requesting back pay in excess of $10,000, and reinstatement. Jurisdiction was based, in part, on 28 U.S.C. § 1346. Upon motion of the United States, the court dismissed the complaint with leave to amend.

An amended complaint was filed, again claiming jurisdiction of the district court under 28 U.S.C. § 1346, deleting the dollar amount on the back pay claim, and attacking the agency action under the Administrative Procedure Act (A.P.A.), 5 U.S.C. §§ 701–706, and the Constitution. Oliveira subsequently filed a motion for a trial *de novo*, a motion to amend the complaint to include a cause of action based on the First Amendment, and a motion to compel production of his pay records and those of his co-workers. By order of July 30, 1982, the

district court denied the motions. On November 18, 1982 it affirmed the Board's final decision and entered judgment for the United States. The district court denied Oliveira's motion for rehearing on March 1, 1983. Oliveira filed his Notice of Appeal to this court on March 28, 1983.

### Issue

Whether this court has jurisdiction to consider the appeal.

### OPINION

The United States raised at oral argument and for the first time the issue of whether this court or the Federal Circuit has jurisdiction over Oliveira's appeal. The United States asserts that because the district court's jurisdiction was based in whole or in part on 28 U.S.C. § 1346(a)(2),[1] the Federal Circuit has exclusive jurisdiction under 28 U.S.C. § 1295(a)(2).[2] We agree.

The Federal Courts Improvement Act of 1982, Pub.L. No. 97–164, 96 Stat. 25, amended 28 U.S.C. by adding § 1295(a)(2). That section grants exclusive jurisdiction to the Federal Circuit over appeals from final decisions of district courts in certain cases, commonly called "Little Tucker Act" cases, the jurisdiction of the district court in those

---

**1.** § 1346. United States as defendant

(a) The district courts shall have original jurisdiction, concurrent with the United States Claims Court, of: ...

(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort, except that the district courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States or for liquidated or unliquidated damages in cases not sounding in tort which are subject to sections 8(g)(1) and 10(a)(1) of the Contract Disputes Act of 1978. For the purpose of this paragraph, an express or implied contract with the Army and Air Force Exchange Service, Navy Exchanges, Marine Corps Exchanges, Coast Guard Exchanges, or Exchange Councils of the National Aeronautics and Space Adminis-

tration shall be considered an express or implied contract with the United States.

**2.** § 1295. Jurisdiction of the United States Court of Appeals for the Federal Circuit

(a) The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction— ...

(2) of an appeal from a final decision of a district court of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, the District Court of the Virgin Islands, or the District Court for the Northern Mariana Islands, if the jurisdiction of that court was based, in whole or in part, on section 1346 of this title, except that jurisdiction of an appeal in a case brought in a district court under section 1346(a)(1), 1346(b), 1346(e), or 1346(f) of this title or under section 1346(a)(2) when the claim is founded upon an Act of Congress or a regulation of an executive department providing for internal revenue shall be governed by sections 1291, 1292, and 1294 of this title;

cases being based, "in whole or in part," on 28 U.S.C. § 1346(a)(2). *See, e.g., Spagnola v. Stockman, Director of OMB,* 732 F.2d 908, 909, note 1 (Fed.Cir.1984). That grant of exclusive appellate jurisdiction applies to all cases like this, except those in which a notice of appeal was filed in a district court before October 1, 1982 (the effective date of the Act). 28 U.S.C. § 171 note (Transitional Provision).[3]

It is clear from the record that the district court's jurisdiction was based at least in part on 28 U.S.C. § 1346(a)(2)[4] and that Oliveira filed his notice of appeal in the district court on March 28, 1983. Under 28 U.S.C. §§ 1295(a)(2), the appeal should have been taken to the Federal Circuit rather than to this court.

The statute, 28 U.S.C. § 1631,[5] provides that under such circumstances, and in the interest of justice, this court shall not dismiss the appeal but shall transfer it to the Federal Circuit. *See, Heisig v. United States,* 719 F.2d 1153 (Fed.Cir.1983) (appeal to the D.C. Circuit transferred to the Federal Circuit); *Corwin v. Lehman,* 724 F.2d 1577 (Fed.Cir.1984) (Federal Circuit has exclusive jurisdiction over appeal transferred from D.C. Circuit); *Spagnola v. Stockman, Director of OMB, supra* ("Little Tucker Act" appeal transferred from D.C. Circuit to Federal Circuit).[6] Our determination to transfer raises no implication respecting our view on the merit or lack of merit in the appeal.

**3.** Section 403 of Pub.L. 97–164:
   "(e) Any case in which a notice of appeal has been filed in a district court of the United States prior to the effective date of this Act [Oct. 1, 1982] shall be decided by the court of appeals to which the appeal was taken."

**4.** Jurisdiction over at least one count in each of Oliveira's original and amended complaints was based on 28 U.S.C. § 1346.

**5.** § 1631. Transfer to cure want of jurisdiction.
   Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the

*Conclusion*

Because this court has no jurisdiction over this appeal, we transfer it under 28 U.S.C. § 1631 to the United States Court of Appeals for the Federal Circuit.

TRANSFERRED.

action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

**6.** Because we lack jurisdiction, we do not consider the United States' alternative argument that the Claims Court had jurisdiction at the trial level because the claim was for more than $10,000. That question, if appropriate, should be answered by the Federal Circuit, which will decide the appeal in either event. *See,* 28 U.S.C. § 1295(a)(3) (Federal Circuit has exclusive jurisdiction over appeals from the Claims Court).