852 F.2d 1292
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James A. MARTIN, Plaintiff/Cross-Appellant,
v.
The UNITED STATES, Defendant/Appellant.
 Nos. 87-1416, 87-1425.
 United States Court of Appeals, Federal Circuit.
 June 3, 1988.
 
 Before RICH, EDWARD S. SMITH and NIES, Circuit Judges.
 EDWARD S. SMITH, Circuit Judge.
 
 DECISION
 
 1
 The United States (Government) appeals from the amended judgment of the United States Claims Court in Martin v. United States, No. 358-85C (Cl.Ct. filed Apr. 22, 1987) (Harkins, S.J.), awarding James A. Martin (Martin) attorney fees and related expenses in the sum of $37,898.38 under the Back Pay Act (BPA), 5 U.S.C. Sec. 5596 (1982). Martin cross-appeals that portion of the Claims Court's decision denying Martin recovery of certain expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. Sec. 2412(d)(1)(A) (1982). We affirm that portion of the amended judgment under the BPA. However, we vacate the Claims Court's decision not to award Martin expenses under the EAJA and remand this proceeding to the Claims Court for further consideration on that issue in accordance with this opinion.
 
 OPINION
 
 2
 Our review of the Claims Court's award of attorney expenses is limited. We may only disturb such an award if it is established that the Claims Court made an error of law, a clear error of judgment, or exercised its discretion on factual findings that were clearly erroneous. See Oliveira v. United States, 827 F.2d 735, 742 (Fed.Cir.1987).
 
 
 3
 Here, we cannot hold, as urged by the Government, that the Claims Court made a clear error of judgment in its award to Martin of attorney fees and related expenses under the BPA. The Claims Court concluded, and after a careful review of the record we must agree, that there was before that court satisfactory records and documentation to support such an award under the BPA. The Government's arguments on appeal are tantamount to nothing more than mere disagreements with the amount of the Claims Court's attorney fee award and, without more, do not provide us with grounds to disturb the Claims Court's award to Martin of attorney fees and related expenses under the BPA.
 
 
 4
 Turning to the Claims Court's denial to Martin of certain expenses under the EAJA, we must vacate this portion of the Claims Court's decision and remand the case to that court so that it may reconsider Martin's entitlement to reimbursement of those expenses. The Claims Court applied the wrong standard in evaluating Martin's entitlement to the expenses he sought under the EAJA. As we stated in Oliveira:
 
 
 5
 Recovery of expenses pursuant to the EAJA does not turn on whether an expense is characterized, as a matter of law, as an "exceptional expense" or, in contrast, as an "expense ordinarily arising in the course of providing legal services." Rather, the Claims Court must use its discretion, in view of the record before it, to determine whether a specific expense may be recovered by the agency employee. * * * [Emphasis in original.]
 
 
 6
 Id. at 744. Accordingly, the Claims Court, pursuant to its discretion, must determine on remand whether the expenses sought by Martin under the EAJA are "those reasonable and necessary expenses of an attorney incurred or paid in preparation for trial of the specific case before the court, which expenses are those customarily charged to the client where the case is tried." Id.
 
 
 7
 We, however, decline to disturb that portion of the Claims Court's judgment concerning the award of certain expenses to Martin under the BPA. Martin was afforded an opportunity by the Claims Court to supplement his submissions relating to his request for attorney fees under the BPA. Martin's failure to take full advantage of that opportunity cannot be excused by us.