NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GERALD K. KANDEL, ROBERT E. KNOPES, FEDERICO A. MAURA, STANLEY A. ZUCKERMAN, RONALD M. MARTINEZ,**
*Plaintiffs-Appellants*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2024-2193

---

Appeal from the United States Court of Federal Claims in No. 1:06-cv-00872-DAT, Judge David A. Tapp.

---

Decided:  February 4, 2026

---

ROGER J. MARZULLA, Marzulla Law, LLC, Washington, DC, argued for plaintiffs-appellants.  Also represented by NANCIE GAIL MARZULLA.

BLAKE WILLIAM COWMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for defendant-appellee.  Also represented by REGINALD THOMAS BLADES, JR., PATRICIA M. MCCARTHY, BRETT SHUMATE.

------

Before LOURIE, BRYSON, and REYNA, *Circuit Judges.*

BRYSON, *Circuit Judge.*

In this appeal from the Court of Federal Claims ("the Claims Court"), the appellants challenge the denial of their motion for attorney fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. 2412. The two issues raised on appeal are (1) whether EAJA authorizes an award of the fees and expenses of the class administrator in this class action, and (2) whether the government's conduct—both prior to suit and in the litigation—was "substantially justified." Because the Claims Court did not expressly address the issue of whether the government's pre-suit conduct was substantially justified, we vacate the court's order and direct that it address that issue; if the Claims Court finds against the government on that question, it will have to address whether EAJA authorizes an award of class administrator's fees and expenses.

I

Under the Lump Sum Act, 5 U.S.C. § 5551(a), federal employees who leave government service are entitled to a lump-sum payment for their unused annual leave. This case was focused on whether cost of living adjustments, locality increases, and other adjustments should be included in the calculation of that lump-sum payment.

Prior to 1999, according to the government, the Federal Personnel Manual, published by the Office of Personnel Management ("OPM"), directed that the rate of pay for the lump sum to be paid to a departing employee was to be calculated based on the rate the employee was receiving immediately prior to leaving government service. Federal Personnel Manual Supp. 990-2, Bk. 550, Subch. S2 § S2-3(a). In 1999, OPM issued a regulation directing that, going forward, such lump sum payments would include the

various adjustments that "become effective during the lump-sum leave period," *i.e.*, adjustments that the separated employee would otherwise have received had the employee's separation date been extended by the period of unused annual leave. 5 C.F.R. § 550.1205(b); *see also* 5 C.F.R. §§ 550.1201–07.

In 1999, a group of former government employees filed a class action in the Claims Court styled *Archuleta v. United States*, No. 99-205C. The employees alleged that the class members had been underpaid for their accumulated vacation time because, prior to 1999, the lump sum payments did not include cost of living adjustments, locality pay increases, and other pay adjustments. After a settlement was reached with the former employees of 17 agencies, the claims of the former employees of the remaining agencies were severed into two cases, styled *Athey v. United States*, No. 99-2051C, and *Solow v. United States*, No. 06-872C. The *Solow* case was later renamed *Kandel v. United States*, the case from which the present dispute has arisen. Former employees of the Department of Veterans Affairs were placed in the *Athey* case, and former employees of all other remaining agencies became members of the *Kandel* case. *See* Appellee's Br. 3–5 & n.2.

The Claims Court certified the *Kandel* class in April 2012 and appointed class counsel and a class administrator at that time. J.A. 57–60. Following various rulings that had the effect of substantially narrowing the class, the Claims Court eventually approved two separate *Kandel* subclass settlements in 2020 and 2021. J.A. 113–18, J.A. 134–39.[1] The government paid the plaintiffs a total of $305,208.46 pursuant to those two settlements. Unlike many class action settlements, the two *Kandel* settlements

---

[1] According to the government, there were a total of 1196 class members in those two subclasses at the time of the settlements. Appellee's Br. 17.

did not address the issues of attorney fees or costs. *See Kandel v. United States*, 171 Fed. Cl. 672, 676 (2024).

The *Kandel* class subsequently sought an order directing the government to pay into the settlement fund an award to cover attorney fees and expenses. The request included a total of $2,582,670,92 in attorney fees and expenses and $754,511.13 in administrative fees and expenses for the class administrator, Epiq Systems, Inc. *Kandel v. United States*, 160 Fed. Cl. 255, 255–56 (Fed. Cl. 2022). The plaintiffs based that claim for fees and costs on subsection (b) of EAJA, 28 U.S.C. § 2412(b), relying on the so-called "common fund" doctrine. The Claims Court denied that request. *Id.* The court based its ruling on this court's decision in *Athey v. United States*, No. 2020-2291, 2021 WL 4282593 (Fed. Cir. Sept. 21, 2021) (non-precedential), *aff'g*, 149 Fed. Cl. 497 (2020).

In the *Athey* case, we upheld the Claims Court's decision denying the plaintiffs' motion for fees and expenses, in which the plaintiffs based their claims on EAJA subsections (b) and (d), 28 U.S.C. 2412(b), (d). With respect to EAJA subsection (b), we explained that the "common fund" theory of recovery does not impose additional liability on the losing defendant, but "is essentially a suit for contribution from third party beneficiaries for expenses actually incurred." *Athey*, 2021 WL 4282593, at \*3 (quoting *Knight v. United States*, 982 F.2d 1573, 1579–80 (Fed. Cir. 1993)). We noted that EAJA subsection (b) applies "only in certain, specified conditions—namely, 'under the common law or under the terms of any statute which specifically provides for such an award.'" *Id.* That provision, we explained, "simply reflects the belief that, at a minimum, the United States should be held to the same standards in litigating as private parties." *Id.* (quoting *Gavette v. OPM*, 808 F.2d 1456, 1466 (Fed. Cir. 1986)). Because the common fund theory would not require the defendant in a private action to pay the fees and costs of a plaintiff's lawsuit, we held

that the common fund theory could not be invoked to require the government to make such an award.

With respect to EAJA subsection (d), we held in *Athey* that an award of attorney fees and expenses could be based on that subsection only if the government's conduct was not "substantially justified." 2021 WL 4282593, at *5. After reviewing the history of the case, we held that the Claims Court did not abuse its discretion in determining that the government's conduct was substantially justified. *Id.* at *5–6. We therefore affirmed the Claims Court's decision denying the request for an award of fees and costs.

In this case, after failing in 2022 to obtain an award of fees and expenses under EAJA subsection (b), the plaintiffs again moved for fees and costs, this time under EAJA subsection (d). J.A. 290–97.[2] The Claims Court denied that motion, holding that while the class qualified as a prevailing party in the litigation, the government's position was substantially justified. For that reason, the court held that attorney fees and expenses could not be awarded under EAJA subsection (d). *Kandel v. United States*, 171 Fed. Cl. 672 (2024) (J.A. 1–11). The plaintiffs then took this appeal.

## II

We review decisions of the Court of Federal Claims regarding requests for attorney fees and costs for abuse of discretion. *DGR Assocs., Inc. v. United States*, 690 F.3d 1335, 1340 (Fed. Cir. 2012) (citing *Pierce v. Underwood*, 487 U.S. 552, 558 (1988)). "Thus, only if the trial court

---

[2] This subsequent motion under subsection (d) sought $730,021.34 in fees for Epiq, as opposed to the $754,511.13 sought in the previous motion under subsection (b). Similarly, the attorney fees and expenses sought in each motion varied slightly, although the basic requests were similar. *Compare Kandel*, 160 Fed. Cl. at 255–56, *with Kandel*, 171 Fed. Cl. at 677 (J.A. 1–11).

erred in interpreting the law or exercised its judgment on clearly erroneous findings of material fact, or its decision represents an irrational judgment in weighing the relevant factors can its decision be overturned." *Chiu v. United States*, 948 F.2d 711, 713 (Fed. Cir. 1991) (citations omitted).

## III

The plaintiffs argue that class administrator's fees and expenses may be awarded under EAJA as a "discrete reimbursable cost category in a prevailing [party's] request for attorney's fees" separate from, and in addition to, the settlement payment. Appellant's Br. 21. At oral argument, counsel for the plaintiffs stated that the plaintiffs' argument for reimbursement of the class administrator's fees and expenses was based on EAJA subsection (b), not subsection (d). Oral Argument in Case No. 2024-2193, 3:35–5:48, at https://www.cafc.uscourts.gov/oral-arguments/24-2193_01122026.mp3. However, the plaintiffs did not make that argument in their briefs before this court, which were exclusively directed to EAJA subsection (d).[3] For that reason, the plaintiffs have waived any arguments relating to subsection (b). *See SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1319 (Fed. Cir. 2006); *Becton Dickinson & Co. v. C.R. Bard, Inc.*, 922 F.2d 792, 800 (Fed. Cir.

---

[3]    As noted, the plaintiffs previously filed a motion seeking fees and expenses under EAJA subsection (b), which the Claims Court denied. *Kandel*, 160 Fed. Cl. 255. The plaintiffs did not appeal from that order and do not refer to that order in their briefs. Nothing in their briefs indicates that the subsection (b) argument is part of this appeal. Moreover, the plaintiffs' notice of appeal refers only to the Claims Court's decision of June 12, 2024, not to the Claims Court's earlier decision in 2022, which addressed the plaintiffs' arguments under EAJA subsection (b). *See* J.A. 244.

1990).  Even if that argument was not waived, we find that the class administrator's fees and expenses in this case are not awardable under EAJA subsection (b) for the reasons given below.

### A

EAJA subsection (b) provides that "a court may award reasonable fees and expenses of attorneys," in addition to generally recoverable costs under 28 U.S.C. § 1920, to the extent that such fees or expenses are available "under the common law or under the terms of any statute which specifically provides for such an award."  28 U.S.C. § 2412(b).

While the plaintiffs cite several cases in which courts have awarded class administrator fees and expenses as part of settlements in class action cases, none of those cases involved awards of class administrator fees and expenses separate and in addition to the agreed amount of the settlement.  Rather, the cited cases all involve situations in which the settlement agreement expressly provided for the payment of administrator fees and expenses from the settlement fund.

In *Athey*, we held that EAJA subsection (b) requires that there must be a "predicate basis for shifting fees in either 'the common law or under the terms of any statute which specifically provides for such an award.'"  *Athey*, 2021 WL 4282593 at *4.  While such costs are frequently provided for in class action settlements, they were not provided for in the two settlements at issue in this case, and the plaintiffs have not pointed to any source in common law or statute that would authorize shifting those class administrator fees and expenses.  EAJA subsection (b) therefore provides no basis for shifting those costs to the government.

The plaintiffs' arguments to the contrary are unavailing.  First, they argue that it is unreasonable that Epiq should not be paid for the work it did as the class

administrator. But Epiq entered into a contract with the plaintiffs' representatives. *See* J.A. 282–86. Absent a statutory basis for shifting the burden of compensating Epiq to the government, Epiq must look to its contracting partners for relief.

The plaintiffs' second argument is that the court appointed Epiq as the class administrator. But the court's responsibility for appointing a class representative, like the court's responsibility for appointing class counsel, is to protect the class against possible abuses. *See In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 307 (3d Cir. 2005) (The court acts "as a fiduciary for the class."). The appointment does not impose on the government the responsibility to pay Epiq for its services unless the government agreed to do so in the settlement agreement. And in this case, the settlement agreements did not so provide.[4] We therefore reject the plaintiffs' argument that they are entitled to an award of the class administrator's fees and expenses under EAJA subsection (b).

B

At oral argument, counsel for the plaintiffs appears to have disclaimed reliance on EAJA subsection (d) as a ground for seeking an award of class administrator fees

---

[4] It is not surprising that the government did not agree to include attorney fees and the class administrator's fees and expenses as part of the settlements, since the amount of the requested attorney fees ($2,779,559.55 or, at a minimum, $744,763.85) and the class administrator's fees and expenses ($730,021.34) dwarf the amount payable to the class members under the settlements ($305,208.46). J.A. 290-91.

and expenses.[5]  We will address that issue nonetheless, as the plaintiffs relied on subsection (d) in their briefs, and their disclaimer of subsection (d) at oral argument was not clear and unequivocal.

EAJA subsection (d) provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."   28 U.S.C. § 2412(d).  The statute contains an express definition of the term "fees and other expenses" for purposes of subsection (d):  It states that "fees and other expenses includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A).

It is unclear from the plaintiffs' briefs and arguments, both before the Claims Court and here, under which category of subsection (d) the plaintiffs believe class administrator fees and expenses should fall.   The plaintiffs variously categorize class administrator fees and expenses as falling within subsection (d) as a "cost" that is "associated with the litigation," Appellants' Reply Br. 8–9; as a subset of "attorney's fees," Appellant's Br. 21; as

---

[5]  Counsel stated that the question regarding the class administrator issue "is whether the trial court erred in failing to pay the class administrator costs and expenses under section (b) . . . .  Section (b) of EAJA doesn't have this substantial justification requirement [of subsection (d)], but rather it states that the United States shall be liable for expenses, non-taxable expenses, to the same extent as any other party."  Oral Arg. 0:23–1:04.

"expenses," Appellants' Reply Br. 9; or generally as "reasonable fees and expenses," J.A. 160.

The plaintiffs, however, have not shown that the fees and expenses of the class administrator in this case fall within any of the three specific categories of "fees and other expenses" that are used in the definition of that term in EAJA subsection (d). First, class administrator fees and expenses are not recoverable as "reasonable expenses of expert witnesses," since class administrators are not witnesses. Second, the plaintiffs have not shown that class administrator fees and expenses are a "reasonable cost of any study, analysis, engineering report, test, or project . . . necessary for the preparation of the party's case." Third, class administrator fees and expenses are plainly not "attorney fees." Epiq was not retained as counsel, and its engagement agreement explicitly provides that none of the services it was to provide "constitute legal advice." J.A. 285.[6]

If a class administrator's fees and expenses can qualify for an award under EAJA subsection (d), it can do so only if such expenses fall under the general term "fees and other expenses" in subsection (d)(1)(A). Section (d)(2)(A) states that the phrase "fees and other expenses" "includes" the three categories that follow. The use of the term "includes" could be understood to mean that those three categories are not exclusive. If that is so, it could be argued that the fees

---

[6]    Class administrator fees and expenses are also not reimbursable as "costs" under 28 U.S.C. § 1920 by way of the reference to EAJA subsection (a) in subsection (d), because class administrator fees and expenses do not fall into one of the categories enumerated under 28 U.S.C. § 1920. While section 1920 provides for taxation of costs of court appointed experts, interpreters, and interpretation services, class administrators do not fall under any of these categories.

and expenses of a class administrator are included within the phrase "fees and other expenses" in EAJA subsection (d).

Unfortunately, the parties have not directly addressed that issue in their briefs, and we have not discovered any direct authority on the question.[7]  As discussed in part IV below, we have determined that it is necessary to remand this case for the Claims Court to address the question whether the conduct of the government agencies during the pre-litigation period was substantially justified.  If the Claims Court on remand finds that the agencies' conduct was substantially justified, that ruling will dispose of the plaintiffs' argument that the class administrator's fees and expenses can be recovered under EAJA subsection (d), and make it unnecessary for the Claims Court to decide whether class administrator fees and expenses fall within the category of "other expenses" in EAJA subsection (d).

---

[7]    This court's decision in *Oliveira v. United States*, 827 F.2d 735 (Fed. Cir. 1987), stated that the three categories of compensable expenses set forth in 28 U.S.C. § 2412(d)(2)(A) "is not an exclusive listing," but the court then added that EAJA authorizes the payment of "only those reasonable and necessary expenses of an attorney incurred or paid in preparation for trial of the specific case before the court, which expenses are those customarily charged to the client where the case is tried."  827 F.2d at 744.  The *Oliveira* case thus did not resolve the question whether an expense such as a class administrator's fees and expenses falls within the scope of the unspecified "other expenses" in EAJA subsection (d)(2)(A).  Moreover, in construing the language of that subsection, it is necessary to take account of the fact that EAJA waives sovereign immunity, and "does so only to the extent explicitly and unequivocally provided."  *Starry Assocs., Inc. v. United States*, 892 F.3d 1372, 1380 (Fed. Cir. 2018)

For that reason, we deem it best to leave the issue of whether a class administrator's fees and expenses constitute "other expenses" within the meaning of EAJA subsection (d) for the Claims Court to address in the first instance, in the event that the court on remand finds it necessary to do so in reaching a final decision on the fee issue in this case.

IV

The second issue raised by the plaintiffs is whether the government's conduct, both in the litigation and before, was substantially justified, and thus whether the government is subject to an award of attorney fees and other expenses pursuant to EAJA subsection (d). That subsection provides that an award of "fees and other expenses" cannot succeed against the United States if "the position of the United States was substantially justified." We summarized the legal standard for determining whether the position of the United States was "substantially justified" in *Chiu*, where we wrote that in evaluating a claim under EAJA subsection (d), trial courts "are instructed to look at the entirety of the government's conduct and make a judgment call whether the government's overall position had a reasonable basis in both law and fact," and that "the entirety of the conduct of the government is to be viewed, including the action or inaction by the agency prior to litigation." 948 F.2d at 715.[8]

The Claims Court provided a thorough analysis of the government's position *during* this litigation, which the

---

[8]    EAJA subsection (d)(2)(D) makes clear that the "position of the United States" that is assessed for substantial justification "means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D).

court found to be substantially justified. *See* J.A. 7–10. We find no error in that determination. However, the Claims Court did not make clear whether it considered the agencies' action or inaction *prior* to the litigation in evaluating whether the government's position was substantially justified.

To be sure, the Claims Court, in its summary of the applicable legal standard, acknowledged the relevance of the agencies' pre-litigation conduct. *See* J.A. 7. But the court's subsequent analysis did not expressly address whether the agencies' relevant pre-litigation conduct was justified. A remand is necessary for that purpose.[9]

On remand, the Claims Court should evaluate the conduct of the United States as a whole, including the pre-litigation conduct of the relevant agencies, in determining whether "the government's overall position had a reasonable basis in both law and fact;" *i.e.*, was substantially justified. *Chiu*, 948 F.2d at 715.

---

[9]    In arguing that the agencies' pre-litigation conduct was substantially justified, the government asserts that prior to OPM's issuance in 1999 of the regulations addressing the lump-sum payments, the Federal Personnel Manual provided that payments to former employees for accumulated annual leave should be "based on the pay rate [the employee] is receiving immediately prior to the date he is considered separated for lump-sum purposes." Federal Personnel Manual, *supra*. In 1993, a court found that interpretation of the Lump Sum Act to be "permissible and reasonable." *Gaffney v. United States*, 834 F. Supp. 1, 5 (D.D.C. 1993). However, rather than resolve the question whether the agencies' pre-litigation conduct was "substantially justified," we leave that issue to the Claims Court to decide in the first instance.

## V

Accordingly, while we agree with the Claims Court's analysis in most respects, we vacate and remand for the court to address the plaintiffs' claim that they are entitled to attorney fees and expenses based on their claim that the agencies' pre-litigation conduct was not substantially justified and, if so, whether the plaintiffs are entitled to an award of the class administrator's fees and expenses.

**VACATED AND REMANDED**

No costs.