**Bonnie L. McGUIRE, Plaintiff,**

v.

**Louis M. SULLIVAN, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 4:87–cv–197–HLM.**

United States District Court, N.D. Georgia, Rome Division.

Oct. 10, 1989.

Mary Ann Patterson Leonard, Miller & Patterson, Fort Oglethorpe, Ga., for plaintiff.

Jane Wilcox Swift, Office of U.S. Atty., Atlanta, Ga., for defendant.

## ORDER

HAROLD L. MURPHY, District Judge.

The Court has before it a petition for an award of attorney's fees under the Equal Access to Justice Act (EAJA) 28 U.S.C. § 2412(d)(1)(A). As the prevailing party in this action, the Plaintiff seeks to recover attorney's fees of $2,996.80. The Plaintiff requests this fee based on 31.1 hours of labor compensated at a rate of $75 an hour, but increased by 28.48% or $21.36 an hour to reflect the increase in the cost of living from 1981[1] to the present, and to take account of special factors unique to the case. This brings the requested hourly rate to $96.36.

This matter was initially submitted to Magistrate Morgan for a Report and Recommendation. The Magistrate recommended that the hours be reduced by 4.8, and that a reasonable hourly rate for services performed in this case is $75—the maximum allowed under the EAJA. The Magistrate deferred to this Court with regard to enhancing the base rate to reflect the cost of living increase.

The Plaintiff has filed objections to the Magistrate's recommendation and seeks compensation for all 31.1 hours. Additionally, she petitions the Court to award her attorney compensation at a rate in excess of the recommended $75. She supports this request by pointing to an increase in the cost of living, and the existence of special factors which warrant the increase. The Court will compensate Plaintiff for the 4.8 hours which the Magistrate disallowed,

---

**1.** The EAJA was initially enacted in 1981. It was then that Congress set the rate of compen-  sation. *See,* note 3 *infra.*

but will not increase the recommended $75 an hour base rate as requested.

### The EAJA's Legislative History

The EAJA provides that "a court shall award to a prevailing party other than the United States" reasonable attorney's fees and expenses, "incurred by that party in any civil action, ... including proceedings for judicial review of agency actions brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award of fees unjust." 28 U.S.C. § 2412(d)(1)(A) (1982).

The congressional objective behind the EAJA is to remove financial barriers faced by private citizens who seek to litigate valid claims against the government. By awarding attorney's fees to prevailing parties, Congress seeks to overcome the harsh financial reality that in many instances prevents private litigants from securing vindication of their rights. Too often it is more practical to endure an injustice than to contest it. This is particularly true given the magnified disparity between the resources and expertise of individual citizens and those of the government. "The purpose of the [EAJA] is to reduce the deterrents and disparity by entitling certain prevailing parties to recover an award of attorney fees ... against the United States, unless the Government's action was substantially justified." H.R. No. 1418, 96th Cong., 2d Sess. 6, *reprinted in* 1980 U.S. Code Cong. & Admin.News 4953, 4984; *see also, Sullivan v. Hudson*, 490 U.S. ——, 109 S.Ct. 2248, 2253, 104 L.Ed.2d 941, 949–50 (1988) (stating clearly that the purpose of the EAJA is to improve citizen recourse to the courts when the United States is a party to the action).

While the EAJA encourages greater access to the Courts, it does not give attorneys unfettered discretion to petition for hourly fees out of line with prevailing market rates. The EAJA provides that:

the amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of services furnished, except that ...

(ii) attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justify the higher fee.

28 U.S.C. § 2412(d)(2)(A).

Congress had a dual purpose in enacting the EAJA. First Congress desired to provide full market compensation for successful litigants and second to contain cost. *See generally, Baker v. Bowen*, 839 F.2d 1075, 1083 (5th Cir.1988); *see also, Action on Smoking and Health v. Civil Aeronautics Board*, 724 F.2d 211, 217 (D.C.Cir.1984) (discussing the legislative history of the EAJA). The specifically enumerated factors entitling a court to exceed the $75 statutory maximum allow flexible adjustment to accommodate changing economic circumstances. The cost of living language signifies congressional awareness that inflation could defeat the purpose of the statute. *Id.* The limited availability of counsel provision is directed at another unusual situation: where specialized legal services cannot be obtained in the market for less than $75 an hour. *Id.*

### Hours Reasonably Expended

■ The Magistrate recommends that the first 4.8 hours itemized by Plaintiff's attorney should be excluded as they predate the filing of the complaint in this action. However, the Court believes that compensation for these hours is necessary to attain the results Congress sought to promote by passage of the EAJA. Any other ruling would clash with the congressional intention of encouraging access to the courts. This is so because attorneys would be disinclined to take cases which come within the ambit of the fee shifting statute, but that excluded from compensation hours expended on services normally paid for by fee-paying clients. *See, Oliveira v. United States*, 827 F.2d 735, 744 (Fed.Cir.1987) (holding that expenses normally borne by the client are recoverable under the EAJA); *International Wood-*

workers of Am., Local 3-98 v. Donovan, 792 F.2d 762, 767 (9th Cir.1986) (same).

Moreover, the EAJA provides that fees shall be awarded to any prevailing party other than the United States if that fee "is incurred ... in any civil action ... including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action...." 28 U.S.C. § 2412(d)(1)(A). The EAJA goes on to indicate that fees include reasonable expenses that the court determines are necessary to the *preparation* of the party's case. 28 U.S.C. § 2412(d)(2)(A). These reasonable expenses include attorney's fees. *Id.*

While Section 2412(d)(2)(A) gives examples of "fees and other expenses," it is not an exhaustive listing, and in no manner precludes the inclusion of hours expended prior to the filing of the complaint if those hours were legitimately spent in preparation of a successful claim. Of course, the hours so claimed must be *directly* related to the filing of the complaint. Nonetheless, it would be unwise and incorrect to assume that the compensable work of any attorney begins only after a complaint has been filed.

Finally, the Court must note that its decision to allow compensation for the 4.8 hours preceding the filing of the complaint is limited by the language of the EAJA to a specific time frame. In this instance the hours which predate the filing of the complaint are compensable, and fall within the ambit of the EAJA, because they are hours directly related to a "civil action" over which this Court has jurisdiction. The EAJA dictates that recovery of fees by a prevailing party is allowable only upon the successful prosecution of a civil action in a court of competent jurisdiction, and moreover, upon a finding that the position of the United States is not substantially justified. 28 U.S.C. § 2412(d)(1)(A). Absent these conditions recovery under the EAJA is not warranted.

Consequently, in the context of a social security case, time expended prior to the period when jurisdiction can vest in the district court is non-compensable under the EAJA.[2] Only after the finality of the initial administrative procedure may time expended in preparation for the filing a complaint be compensated. The Court will not compensate for hours which are not related to the issues contemplated by the complaint. Thus, the Court will utilize its discretion to excise hours which it feels are unreasonable or not necessary to investigate issues raised in the complaint.

The 4.8 hours claimed by attorney Leonard are the sort of hours which should be compensable under the EAJA. The factual situation makes this conclusion abundantly clear. Attorney Leonard did not represent the Plaintiff at the administrative level. In fact, she was not retained until the conclusion of the initial administrative procedure, and after the Secretary had denied the Plaintiff disabled child benefits. At the conclusion of the initial administrative process, the attorney who had represented the Plaintiff expressed a disinclination to appeal the Secretary's denial of benefits. This left the Plaintiff unrepresented. Hoping to reverse the Secretary's denial, Plaintiff sought out an attorney who was willing to file an appeal in the district court—the next step in the appellate procedures of the Social Security Act. Only then was attorney Leonard retained.

Undoubtedly, her careful review of the file was necessary to prepare the complaint. Without such review, she may have faced the possibility of sanctions if her claims are frivolous. Clearly, had attorney Leonard represented the Plaintiff at the administrative level, and accordingly been well versed with the issues in the case, most, if not all, of the 4.8 hours would be disallowed.

Since the EAJA allows an award of fees for the preparation of a party's case it

---

**2.** The Social Security Act itself provides for district court review of the Secretary's determinations. Title 42 U.S.C. § 405(g) provides that "[a]ny individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controver-

sy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision.... Such action shall be brought in the district court ... for the judicial district in which the plaintiff resides...."

must, by necessity, include time spent in preparing the complaint and investigating issues related to its filing. Any other contention is not supported by the statutory language and vitiates the intended purpose behind the Act. Therefore, the Court finds that the 4.8 hours devoted to investigation and review of the file are compensable under the EAJA. This brings the total number of hours for which compensation is due to 31.1.

The Court is mindful that the EAJA constitutes a partial waiver of the government's immunity and so must be strictly construed. *Jean v. Nelson*, 863 F.2d 759, 775 (11th Cir.1988); *Haitian Refugee Center v. Meese*, 791 F.2d 1489, 1495 (11th Cir.1986). Consequently, any award made must be specifically provided for by the EAJA itself. *Library of Congress v. Shaw*, 478 U.S. 310, 318, 106 S.Ct. 2957, 2963, 92 L.Ed.2d 250 (1986) (waiver must be construed strictly in favor of the sovereign and not enlarged beyond what the language requires). The Court is confident that including the 4.8 hours as discussed above, is solidly in line with the statutory language of the EAJA and congressional intent at the time of its passage.

### Upward Adjustment of Hourly Rate

▇ The Magistrate has recommended, and the Court agrees, that compensation in this action should be set at the statutory maximum of $75 an hour. 28 U.S.C. § 2412(d)(2)(A). Plaintiff's attorney concurs, but argues that the fee should be adjusted upward by $21.36 an hour to take account of the twenty-eight percent increase in the cost of living since the statutory maximum was set, and due to the existence of certain special circumstances. In support of her position, Plaintiff points to the statutory exceptions to the $75 ceiling. Namely, that the court in its discretion may adjust upward the seventy-five dollar per hour fee if an increase in the cost of living justifies it, or if special factors such as the limited availability of qualified

attorneys justifies a higher fee. *Id.* The Court has considered the arguments set forth by the Plaintiff, but nevertheless, refuses to increase the hourly fee.

An attorney seeking fees under the EAJA at an hourly rate exceeding $75 must demonstrate either that the requested fee is consistent with prevailing market rates, or that the cost of living justifies exceeding the statutory ceiling. *Jean*, 863 F.2d at 773. Plaintiff's attorney has not contended that she should be compensated at a rate which exceeds $75 an hour. She does, however, assert that special factors exist—in addition to the increase in the cost of living—which warrant an upward adjustment of the EAJA's hourly rate. The Court has considered the arguments propounded by Plaintiff in favor of the existence of "special factors" and finds them unpersuasive.

The Court notes that it routinely awards fees at the rate of $65 an hour in Social Security cases. It is the opinion of the Court that compensation at sixty-five dollars an hour is well within the market rate for this area. Since this Court is compensating attorney Leonard at the maximum $75 rate, it has already taken account of the special factors involved in this case. As Justice Scalia observed in *Pierce v. Underwood*, 487 U.S. 552, 108 S.Ct. 2541, 2553, 101 L.Ed.2d 490, 509 (1988), "Congress thought that $75 an hour was generally quite enough." This Court is in full accord with Justice Scalia's observation.

▇ The final issue to consider is the request for an upward adjustment of the $75 rate due to inflation.[3] As the Fifth Circuit has recognized, "while the [EAJA] clearly allows an adjustment for changes in the cost of living, it does not absolutely *require* it." *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir.1988) (emphasis in original). Whether a cost of living adjustment should be allowed is within the discretion of the district court. *Id.* In exercising this

---

**3.** The EAJA was enacted twice. First in 1981, and then again in 1985. The original EAJA contained the $75 limit. When the EAJA was reenacted Congress did not adjust the $75 limit for inflation. The clear conclusion to be drawn is that a cost of living increase is not automatic,

and that the $75 statutory rate is a ceiling and not a floor. *Baker v. Bowen*, 839 F.2d 1075, 1083 (5th Cir.1988); *Chipman v. Secretary of Health and Human Services*, 781 F.2d 545, 547 (6th Cir.1986).

discretion, the Court should remain cognizant of the dual purpose behind the EAJA: to ensure competent representation and to minimize the cost of this representation to the taxpayer. "In order to satisfy both goals of the provision ... rates should be increased only to the extent necessary to ensure an adequate source of representation and should never exceed the percentage by which the market rate attorney's fees have increased since the statute was enacted...." *Id.* There is no evidence that adequate representation of social security claimants cannot be provided at the statutory fee of seventy-five dollars an hour. Furthermore, compensation at a higher fee would exceed the market rate for similar services in this area.

The Court also notes the Fifth Circuit's observation that cost of living adjustments to the EAJA fee ceiling should be made on a uniform basis within a given locale. *Id.* at 1084–85. Quite clearly, the $96.36 request of the Plaintiff exceeds the amounts generally awarded in social security cases in this district. *See, Smith v. Bowen,* No. 1:87–cv–1833–GET, slip op. at 4 (N.D.Ga., Jan. 26, 1989) (and cases cited therein).

ACCORDINGLY, Plaintiff is to be compensated under the EAJA for 31.1 hours of work at a rate of $75 per hour. This brings the total fee due to $2,332.50.

IT IS SO ORDERED.