This income tax case raises the issue whether plaintiff may deduct certain interest expenses from gross income, or, in tax parlance, "above the line.” Plaintiff, appearing pro se, claims in her petition that she should be allowed to claim certain interest expenses "above the line” because they relate to plaintiffs investment activities. Defendant argues in its motion for summary judgment that the interest expense was not incurred in plaintiffs trade or business and, therefore, it must be taken as an itemized deduction. Since we agree with defendant’s position, and since there are no genuine issues of material facts present, *834 we grant defendant’s motion and dismiss plaintiffs petition.
The relevant facts in this case can be stated briefly. By far the greater part of plaintiffs 1979 taxable income, $19,050 out of $19,751, was dividend and interest income. Plaintiff owns a $100,000 certificate of deposit (CD) with an 8-5/8 percent interest rate. Plaintiff used the CD as collateral for a $100,000 loan with a 9-3/8 percent interest rate. Plaintiff loaned the $100,000 out again at a 10-1/4 percent rate. In 1979, this transaction earned plaintiff $6,042 in interest income and cost plaintiff $6,069 in interest expenses. (The transaction, when entered into, was expected to make a $399 profit when completed in February 1980.) Finally, plaintiff claims that she spent approximately 15 hours a week in 1979 on her investment activities.
On her original 1979 tax return, plaintiff claimed the interest in question as an itemized deduction. Plaintiff amended her return and claimed the interest as an adjustment to gross income. Because the "zero-bracket amount,” effectively a standard deduction, is larger than plaintiffs other itemized deductions, plaintiffs taxes would be reduced by $344 if she could take the interest "above the line.”
Plaintiff argues she is entitled to an adjustment to gross income deduction because (a) it is discriminatory to allow businesses, but not individuals, to adjust gross income by deducting interest expenses, (b) California allows individuals to deduct interest from gross income, and (c) common sense would indicate that taxpayers should be able to reduce income directly through the deduction of related expenses. Unfortunately, common sense and tax law are rarely even waving acquaintances. Also, it is irrelevant what California law allows or that the law discriminates between businesses and individuals. The only inquiry that is pertinent here is whether the Internal Revenue Code (code) allows plaintiff to treat the transaction in the manner she desires. Furthermore, the burden is on plaintiff to demonstrate that the code allows that treatment.
In the present case, plaintiff argues that the 15 hours a week she spends in managing her investments, brings her within the ambit of carrying on a trade or business and, *835 therefore, entitles her, under I.R.C. §§62(1) and 162, to reduce her gross income to the extent of the interest expense paid. However, it is difficult for an individual’s investment activity to rise to a level that constitutes a trade or business. See Whipple v. Commissioner, 373 U.S. 193 (1963). Plaintiffs limited activities, as a matter of law, do not rise to that level. In a case which had at least an equally compelling set of facts, we held that the plaintiffs’ activities were not the carrying on of a trade or business. Wilson v. United States, 179 Ct. Cl. 725, 376 F.2d 280 (1967).
it is therefore ordered, upon consideration of the submissions and without hearing oral argument, that defendant’s motion for summary judgment is granted. The petition is dismissed.