KEYAVA CONSTRUCTION COMPANY, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 396–85C.

United States Claims Court.

July 7, 1988.

Paul F. Dauer, Sacramento, Cal., for plaintiff.

Joseph A. Kijewski, with whom were Asst. Atty. Gen. John R. Bolton, David M. Cohen, Director, Thomas W. Petersen, Asst. Director, Washington, D.C., for defendant. Major Buzz France, Dept. of the Army, of counsel.

## OPINION

ANDEWELT, Judge.

This case is before the Court on plaintiff's application for fees and other expenses under the Equal Access to Justice Act (EAJA or the Act), 28 U.S.C. § 2412 (1985). For the reasons explained herein, plaintiff's application is granted in part.

### Background

Plaintiff, Keyava Construction Company (Keyava), is a general engineering contractor having a principal place of business near Sacramento, California. This action, filed July 2, 1985, arises out of a September 30, 1983, contract between Keyava and the Department of the Army for installation of a parking lot at the United States Army Depot in Sacramento.

In its complaint, Keyava alleges breach of contract, and seeks $76,254.27 in damages, plus interest, attorneys' fees, costs, and expenses. The $76,254.27 represents various damage claims that were denied in a March 14, 1985, final decision of the contracting officer. The claims were for costs attendant to the contracting officer's rejection of a "Value Engineering Change Proposal" (VECP) submitted by Keyava pursuant to the contract, and for various overhead, standby, and material costs allegedly incurred during two contract suspensions ordered by the contracting officer.

Approximately one year after this action was filed, the parties entered into a settlement that resolved all issues, with the express exception of plaintiff's claim for attorneys' fees and expenses under EAJA. By stipulation of the parties, judgment in excess of $50,000 was entered against defendant. The judgment directed that no costs were to be awarded to either party.

In the subsequently filed EAJA application presently at issue, plaintiff requests approximately $19,000 in attorneys' fees, costs, and expenses incurred during both the prosecution of its certified claim before the contracting officer and the proceedings before this Court.

### Discussion

In general, EAJA permits a prevailing party that satisfies the eligibility requirements to recover attorneys' fees and other expenses incurred in any "civil action" brought by or against the United States (28 U.S.C. § 2412(d)(1)(A)) or in any "adversary adjudication" before an agency of the United States (5 U.S.C. § 504(a)(1)), unless the position of the United States in the civil action, or the position of the agency in the adversary adjudication, was substantially justified or special circumstances make such an award unjust.

Here, there is no dispute that plaintiff satisfies the relevant eligibility requirements set forth in 28 U.S.C. § 2412(d)(2)(B), or that, as a result of the settlement and stipulated entry of judgment against defendant, plaintiff is a prevailing party. The parties disagree, however, as to whether the Government's position was substantially justified and, hence, as to whether any award of attorneys' fees and expenses is appropriate. In addition, assuming that the Government's position was not substantially justified, the parties disagree as to the amount of attorneys' fees and expenses due in terms of (1) the recoverability of attorneys' fees and expenses incurred in presenting plaintiff's certified claim to the contracting officer prior to institution of this suit, (2) the appropriate hourly rate for any award of attorneys' fees, and (3) the recoverability of certain photocopying and computer research expenses claimed by plaintiff.

### A. Justification for the Position of the United States

In pertinent part, EAJA provides that an eligible prevailing party in a civil action against the United States shall recover its fees and other expenses unless the Court finds that "the position of the United States was substantially justified." 28

U.S.C. § 2412(d)(1)(A). The "position of United States" includes not only the United States' litigation position, but also the underlying agency conduct at issue during the litigation. 28 U.S.C. § 2412(d)(2)(D); *Gavette v. Office of Personnel Management,* 785 F.2d 1568, 1579 (Fed.Cir.1986). When opposing EAJA claims, the Government bears the burden of proving that its position was "substantially justified." *Gavette,* 785 F.2d at 1579. A position is "substantially justified" if it is " 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* ___ U.S. ___, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). In other words, the position must have a "reasonable basis both in law and fact." *Id.*

Plaintiff attacks the justification for both the underlying actions of the contracting officer and the Government's litigation position. With respect to the former, plaintiff asserts that the contracting officer (1) improperly rejected plaintiff's VECP after initially indicating that it was satisfactory; (2) improperly disallowed certain of plaintiff's delay claims after initially acknowledging responsibility for any costs attributable to the corresponding contract suspension; and (3) improperly delayed disposition of plaintiff's certified claim by, *inter alia,* insisting that plaintiff recertify its claim pursuant to allegedly inapposite termination for convenience regulations, making spurious requests for claim documentation, and refusing to accept claim documentation which, according to plaintiff, was in a form permitted by controlling regulations. With respect to the Government's litigation position, plaintiff asserts that defendant unjustifiably delayed the settlement by initially demanding that plaintiff's EAJA claim be included in the settlement, and by insisting that any settlement of that claim be limited to $75 per hour in attorneys' fees for services rendered during this litigation.

In its response to these arguments, defendant fails to demonstrate that its position was substantially justified. For example, while contending that the contracting officer's rejection of plaintiff's VECP was appropriate, defendant does not identify any deficiencies in the VECP that would tend to support that contention. Next, defendant attempts to demonstrate the propriety of the contracting officer's denial of plaintiff's delay claims by referring the Court to the contracting officer's final decision. That decision states that a portion of the claimed delay period was denied because it was subsumed in the contractor's bid price. In response, however, plaintiff contends that the contractor's bid price covered costs for periods of actual performance, not periods of suspension. Neither the contracting officer's final decision nor the briefs filed by defendant contain the underlying information necessary to support the contracting officer's position on this point. In addition, defendant makes no response whatsoever to plaintiff's assertion that the contracting officer acted unreasonably by repeatedly insisting that plaintiff recertify its claim in accordance with allegedly inapposite termination for convenience regulations.

Defendant fares better in supporting its litigation position. The Court agrees that defendant was substantially justified in initially seeking comprehensive settlement of all claims, including plaintiff's EAJA claim. The parties apparently were unable to settle the EAJA claim because of their fundamental differences on the issue of recoverability of fees and expenses incurred during prosecution of a certified claim before a contracting officer. As discussed later in this opinion, defendant was substantially justified in taking the position that such fees and expenses are not recoverable under EAJA.

█ In any event, the Government cannot avoid liability for fees and expenses simply by demonstrating that it quickly and reasonably sought to settle the litigation. Congress sought to avoid such a result when, in amending EAJA in 1985, it specifically provided that the "position of the United States" include the underlying agency action. The pertinent House Report explains:

[T]he amendment will make clear that the Congressional intent is to provide attorneys' fees when an unjustifiable agency action forces litigation, and the agency then [tries] to avoid such liability by reasonable behavior during the litigation.

\*   \*   \*   \*   \*   \*

If the government's litigation position was the sole consideration, the government could insulate itself from fee liability simply by conceding error or settling, because such actions will always be deemed 'reasonable' litigation positions; thereby having the effect of substantially justifying their position.

H.R.Rep. No. 120, 99th Cong., 1st Sess. 11–12, *reprinted in* 1985 U.S.Code Cong. & Admin.News 132, 140–41.

In sum, defendant simply has not demonstrated that its position was substantially justified as required under EAJA and, therefore, plaintiff is entitled to an award of attorneys' fees and expenses. The disputes concerning the amount of that award are resolved below.

### B.  *Fees and Expenses Incurred at the Agency Level*

■  Plaintiff contends that it is entitled not only to the attorneys' fees and expenses incurred during this litigation, but also to those incurred during the prosecution of its certified claim before the contracting officer. However, there is no legal basis for recovery of the latter fees and expenses.

As noted above, EAJA only permits recovery of costs, fees, and expenses incurred in "civil actions" (28 U.S.C., § 2412(d)(1)(A)) and agency "adversary adjudications" (5 U.S.C. § 504(a)(1)). The term "civil action" refers to a court proceeding, including "an appeal ... from a decision of a contracting officer." 28 U.S. C. § 2412(d)(2)(E). It does not, however, include the administrative process that precedes issuance of a final decision by a contracting officer. *United Constr. Co. v. United States*, 11 Cl.Ct. 597, 599 (1987). The term "adversary adjudication" is defined to include three types of proceedings:

(1) an adjudication under 5 U.S.C. § 554, (2) an appeal to a contract board of appeals pursuant to 41 U.S.C. § 607, and (3) a hearing conducted under Chapter 38 of Title 31. 5 U.S.C. § 504(b)(1)(C). The contracting officer's consideration of plaintiff's certified claim involved none of these proceedings.

Thus, while the position of the contracting officer in resolving a certified claim can be relevant to the issue of whether the position of the United States was substantially justified, EAJA does not entitle a prevailing party to recovery of fees and expenses incurred during prosecution of that claim before the contracting officer.

### C.  *Hourly Rate for Attorneys' fees*

■  EAJA provides that attorneys' fees "shall be based upon prevailing market rates for the kind and quality of the services furnished," but "shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The award of such upward adjustments to the $75 rate are generally within the trial court's discretion. *Oliveira v. United States*, 827 F.2d 735, 742 (Fed.Cir.1987).

Plaintiff paid attorneys' fees of $100–$130 per hour. It seeks recovery of these fees in full, alleging the "special factor" of a limited availability of qualified attorneys. In the alternative, plaintiff seeks a cost-of-living adjustment to the $75 per hour rate.

The Supreme Court recently discussed the special factor of "limited availability of qualified attorneys" in *Pierce v. Underwood,* stating:

[T]he exception for 'limited availability of qualified attorneys for the proceedings involved' must refer to attorneys 'qualified for the proceedings' in some specialized sense, rather than just in their general legal competence. We think it refers to attorneys having some distinctive knowledge or specialized skill needful for the litigation in question—as opposed to an extraordinary level of the general

lawyerly knowledge and ability useful in all litigation. Examples of the former would be an identifiable practice specialty such as patent law, or knowledge of foreign law or language.

— U.S. at ——, 108 S.Ct. at ——.

Plaintiff's "special factor" claim fails to satisfy this standard. The issues involved in this proceeding appear to involve relatively straightforward questions of contract and regulation interpretation that do not require "distinctive knowledge or specialized skill." The briefs and affidavits submitted by plaintiff in support of its request for attorneys' fees do not demonstrate to the contrary.[1]

■ An upward adjustment to the $75 per hour rate, however, is warranted to account for the effects of inflation. Plaintiff requests an increase in the statutory rate to account for the 16.6% increase in the cost of living in the San Francisco/Oakland area from October 1, 1981, the effective date of the original EAJA, to February 28, 1986. Defendant does not dispute plaintiff's use of the San Francisco/Oakland area as the relevant locale, plaintiff's statement as to the increase in the cost of living experienced in that locale, or that a rate of $75 per hour, adjusted 16.6% for inflation, would be consistent with the general statutory requirement that a fees award be based upon "prevailing market rates for the kind and quality of services furnished." 28 U.S.C. § 2412(d)(2)(A). Rather, defendant contends that, as a waiver of sovereign immunity, the EAJA provision authorizing an increase in the statutory rate to account for increases in the cost of living should be strictly construed and not invoked herein. To support its position, defendant cites Congress' retention of the $75 hourly rate when it reenacted EAJA in 1985.

The original EAJA, in pertinent part, permitted an adjustment to the $75 per hour statutory rate if it was determined that an increase in the cost of living justified a higher fee. That Act terminated in 1984, however, pursuant to a sunset provision which was repealed in 1985 when Congress reenacted EAJA. *See Trichilo v. Secretary of Health and Human Services*, 823 F.2d 702, 705 (2d Cir.1987). In the 1985 reenactment, Congress included the same cost-of-living provision and statutory rate of $75 per hour as were employed in the original Act. Defendant apparently contends that Congress must have intended to limit the availability of cost-of-living adjustments to the statutory rate in cases brought under the 1985 Act, since, in revisiting EAJA in 1985, it maintained the original $75 rate rather than increasing it to reflect the increase in the cost of living between 1981 and 1985.

The courts have differed as to the significance of Congress' having maintained the original $75 per hour rate in the 1985 EAJA. The Courts of Appeals for the District of Columbia and Second Circuits have interpreted the 1985 Act as requiring use of the effective date of the original Act as a starting point from which to calculate increases in the cost of living that may justify a higher fee. *Trichilo*, 823 F.2d at 705–07 (2d Cir.1987); *Hirschey v. FERC*, 777 F.2d 1, 5 (D.C.Cir.1985). The Court of Appeals for the Sixth Circuit, on the other hand, appears to have rejected a reference back to 1981, and to have concluded that the effective date of the 1985 Act is the appropriate starting point from which to calculate such increases. *See Chipman v. Secretary of Health and Human Services*, 781 F.2d 545, 547 (6th Cir.1986). *See also Bunn v. Bowen*, 637 F.Supp. 464, 475 (E.D. N.C.1986) (so interpreting *Chipman*).

This Court agrees with the District of Columbia and Second Circuits' interpretation of the statute. In the original EAJA, Congress expressly authorized the courts

---

1. The affidavits indicate that government contract attorneys are not available in Sacramento for less than $100 per hour, that "in general," attorneys in San Francisco charge higher rates than attorneys in Sacramento, and that plaintiff's counsel, a Sacramento attorney, has extensive experience in government contracts. However, plaintiff does not, in his affidavits or briefs, discuss why an attorney with distinct knowledge or specialized skill would be needed to address the particular issues raised in this proceeding.

to adjust the $75 per hour statutory rate in response to any increases in the cost of living that were experienced after the Act became effective on October 1, 1981. EAJA was reenacted in 1985 by Pub.L. No. 99–80, which provided, in Section 6(a), that 28 U.S.C. § 2412(d) "shall be effective on or after the date of the enactment of this Act *as if [it] had not been repealed*" by the sunset provisions in the original EAJA. (Emphasis added.) Interpreting the 1981 date as the relevant starting point for cost-of-living computations, even in cases brought under the 1985 Act, gives "full effect to the Congressional mandate that the reenacted § 2412(d) be treated as if it had never lapsed." *Trichilo,* 823 F.2d at 707. *See also Sierra Club v. Secretary of the Army,* 820 F.2d 513, 523 (1st Cir.1987).

Thus, for purposes of determining whether an increase in the cost of living justifies an upward adjustment to the $75 per hour statutory rate, the proper focus is the increase in the cost of living from October 1, 1981. Since any such adjustment is to account for inflation-induced increases in attorneys' fees, the relevant end date for the cost-of-living computation should be the date on which the attorneys' fees were incurred. Herein, however, the fees were incurred over a period of time and, theoretically at least, a different cost-of-living adjustment could apply to each such fee. Plaintiff proposes that a single percentage adjustment (16.6%) be applied to all fees, based upon the increase in the cost of living through February 28, 1986. This approximation seems reasonable. Some of the recoverable fees were incurred prior to that date, some were incurred after, and defendant has not stated any objection, *per se,* to application of a single percentage adjustment to all recoverable fees. Consequently, the $75 per hour statutory rate is increased by 16.6% for each recoverable attorney hour.

### D. *Costs and Expenses*

EAJA contains separate provisions which permit a prevailing party in a civil action to recover related "costs" (28 U.S.C. § 2412(a)) and "expenses" (28 U.S.C. § 2412(d)(1)(A)). For purposes of EAJA, "costs and expenses are not synonymous but are words of art." *Bennett v. Department of the Navy,* 699 F.2d 1140, 1144 (Fed.Cir.1983).

■ Plaintiff seeks to recover a total of $1,034.29, consisting of $198.25 for photocopying and $836.04 for computer research.[2] With respect to plaintiff's claim for $198.25 for photocopying, that item is properly classified as a "cost" rather than an "expense" under EAJA.[3] Plaintiff is not entitled to recover this cost for two reasons. First, when entering judgment on the merits, this Court ruled that no costs were to be awarded to either party. Next, the stipulation entered herein resolved "all claims" arising out of this action except "attorneys' fees and expenses" under EAJA. Plaintiff did not reserve any claim for "costs" and is therefore precluded from advancing any such claim at this time.

■ With respect to plaintiff's request for $836.04 for computer research, EAJA lists specific examples of recoverable expenses in 28 U.S.C. § 2412(d)(2)(A). Although computer research is not specifically mentioned,[4] the list in the statute is not exclusive, and a trial court may award "those reasonable and necessary expenses of an attorney incurred or paid in preparation for trial of the specific case before the court, which expenses are those customarily charged to the client where the case is tried." *Oliveira,* 827 F.2d at 744.

---

**2.** Plaintiff originally sought to recover the $60 filing fee for this action, but ultimately dropped the request.

**3.** 28 U.S.C. § 2412(a) adopts the definition of "costs" the taxable costs enumerated in 28 U.S.C. § 1920. These taxable costs include "fees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4).

**4.** 28 U.S.C. § 2412(d)(2)(A), in pertinent part, provides:

'[F]ees and other expenses' includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case....

Herein, defendant does not contest the reasonableness or necessity of the claimed computer research expenses, but argues that such expenses should be viewed as overhead encompassed within an attorney's hourly rate. But defendant has failed to show that computer research expenses customarily are considered part of an attorney's hourly fees rather than an item billed separately to clients. Plaintiff, on the other hand, has submitted copies of its counsel's monthly billing statements which indicate separate billing of computer research expenses and attorneys' fees. In the absence of evidence that plaintiff's counsel's billing practice is not customary, this Court agrees with the Court of Appeals for the D.C. Circuit that computer research expenses are recoverable under EAJA. *See Hirschey*, 777 F.2d at 6. Accordingly, plaintiff's request for such expenses is allowed.

### Conclusion

For the foregoing reasons, plaintiff's EAJA application is denied as to fees and expenses incurred prior to this litigation, but is granted as to attorneys' fees and expenses incurred in the preparation for and prosecution of this litigation, including the fees and expenses attendant to the instant fee application.

On or before 21 days from the date of this order, plaintiff shall file a "Final Accounting" which sets forth an updated, itemized statement of the fees and expenses allowed pursuant to this opinion, along with copies of the corresponding billing statements. Defendant may file a response to plaintiff's statement within 14 days after service thereof.

IT IS SO ORDERED.